UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS (EASTERN DIVISION)

| | |
|---|---|
| WARREN ENVIRONMENTAL, INC. and A&W MAINTENANCE, INC., <br><br> Plaintiffs, <br><br> v <br><br> PROFESSIONAL SERVICE INDUSTRIES, INC., <br><br> Defendant. | C.A. No. <br><br> **05 11642 DPW** <br><br> RECEIPT # _66128_ <br> AMOUNT $ _250.00_ <br> SUMMONS ISSUED _1_ <br> LOCAL RULE 4.1 _—_ <br> WAIVER FORM _____ <br> MCF ISSUED _____ <br> BY DPTY. CLK. _M.P._ <br> DATE _4/9/2005_ |

MAGISTRATE JUDGE _JGD_

**COMPLAINT**

**INTRODUCTION**

The plaintiffs, an owner of a patented epoxy spray application system and a licensed applicator of the same proprietary epoxy spray system, bring claims of negligence, unfair and deceptive acts and practices, libel, third-party beneficiary breach of contract and interference with advantageous business relations against the defendant testing laboratory for gross errors the defendant's made when testing the plaintiffs' product and work at a manhole infrastructure repair project in Jefferson County, Alabama which lead to the plaintiff A&W from being terminated from said project.

**THE PARTIES**

1. The plaintiff, Warren Environmental, Inc. ("WEI") is a business located in Carver, MA that manufacturers epoxy from proprietary formulas and owns patent protected spray technology for the application of epoxy to various infrastructure such as manholes and concrete surfaces.

1

2. The plaintiff, A&W Maintenance, Inc. ("A&W") is a business located in Carver, MA that contracts with state, municipal and private entities for maintenance and repair of deteriorating or damaged infrastructure through the application of WEI epoxy products and technology.

3. The defendant, Professional Service Industries, Inc. (PSI) is a corporation with a principal place of business of 1901 S. Meyers Road, Oakbrook, IL 60181 with 125 regional offices throughout the United States including Massachusetts and Alabama.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (a)(1) because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states. All defendants are diverse from the Plaintiffs and the amount in controversy exceeds $75,000 as the plaintiffs were terminated from the Alabama project (and later reinstated), have been denied other opportunities in the marketplace and have had their business reputations damaged as a result of defendant's faulty testing.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391. Both plaintiffs reside in this jurisdiction and the defendant has regional offices here and does business here.

## FACTS GIVING RISE TO THE COMPLAINT

6. The plaintiff, A&W was hired as a subcontractor on a large manhole rehabilitation project in Jefferson County, Alabama. Under its contract, A&W was to prepare damaged manholes and coat the manholes with epoxy using WEI's patented "Warren Environmental System" which was specifically designed to spray apply 100% solid

epoxies, which by their physical nature are a very viscous liquid and difficult to spray apply.

7. Jefferson County had contracted with defendant PSI to perform periodic testing of the epoxy application work at the project.

8. PSI performed certain tests on certain project samples of A&W's work. After conducting said tests, PSI determined that A&W's application failed the specifications for the work and informed Jefferson County of same.

9. In reliance on PSI's test results, Jefferson County terminated A&W from the project by letter.

10. After receiving said letter and eventually acquiring PSI's test results, A&W eventually determined that PSI's testing procedures, methodologies and results were wrong.

11. With great effort and expense, A&W was able to get reinstated at the project and resume its work.

12. The information about A&W's alleged failure in Jefferson County and the letter issued by Jefferson County in reliance on PSI's faulty test results has been circulated in the close knit infrastructure repair industry and has haunted the plaintiffs when bidding on new work in other states.

13. The plaintiffs have lost work and opportunities in the marketplace as a direct and proximate result of the defendant's faulty testing procedures and results and have suffered substantial damages to their business reputations.

## COUNT I
### (Negligence)

14. Plaintiffs repeat and reaver the allegations contained in the preceding paragraphs of this

samples. Gross negligence and/or intentionally failing the A&W test samples amounts to unfair and deceptive acts and/or practices in violation of Chapter 93A.

23. As a direct and proximate result of PSI's faulty testing, A&W was terminated from said job and both plaintiffs have incurred economic damages to their businesses as well as damage to their business reputations.

WHEREFORE, the plaintiffs request that the Court enter judgment in their favor on this count, award them damages with interest, attorney's fees, costs and any additional relief the Court deems just and proper.

## COUNT III
### (Libel)

24. The plaintiffs reallege and reaver the preceding allegations.

25. The written test results the defendant issued to Jefferson County on the A&W test samples were false and the defendant knew said test results to be false. Said test results and the Jefferson County's letter terminating the A&W from the job site are in the public domain.

26. As a direct and proximate result of PSI's false test results, A&W was terminated from said job and both plaintiffs have incurred economic damages to their businesses as well as damage to their business reputations.

WHEREFORE, the plaintiffs request that the Court enter judgment in their favor on this count, award them damages with interest, attorney's fees, costs and any additional relief the Court deems just and proper.

## COUNT IV
### (Third-Party Beneficiary Breach of Contract)

5

Complaint.

15. At all times relevant hereto, the defendant owed the plaintiffs a duty of reasonable care in testing the A&W product applied at the Jefferson County manhole rehabilitation project.

16. PSI breached that duty of care by improperly testing A&W's samples and improperly concluding that A&W's samples did not conform to the specifications at said job.

17. As a direct and proximate result of PSI's faulty testing, A&W was terminated from said job and both plaintiffs have incurred economic damages to their businesses as well as damage to their business reputations.

WHEREFORE, the plaintiffs request that the Court enter judgment in their favor on this count, award them damages with interest, attorney's fees, costs and any additional relief the Court deems just and proper.

## COUNT II
### (Violation of Chapter 93A)

18. The plaintiffs reallege and reaver the preceding allegations

19. The plaintiffs and the defendants were engaged in trade or commerce as that term is used in Chapter 93A as the WEI's spray epoxy application system was being used by A&W on the Jefferson County job and the application work performed with said system and by A&W was subject to testing by PSI pursuant to PSI's contract at the job site.

20. PSI conducted testing of the work A&W performed with the WEI application system.

21. PSIs testing methodologies and test results were so much in error that the results were physically impossible to achieve. Independent testing has demonstrated that the conclusions reached by PSI do not comport with the laws of physics.

22. PSI's testing was grossly negligent and/or intentionally designed to fail the A&W test

4

27. The plaintiffs reallege and reaver the preceding allegations

28. PSI had a contract with Jefferson County to perform certain independent testing of work performed pursuant to Jefferson County's manhole rehabilitation project. A&W, as a subcontractor at said job site whose work was being tested by PSI, was a third-party beneficiary of PSI's contract with Jefferson County.

29. PSI breached its contract with Jefferson County by conducting faulty tests on the A&W test samples and improperly notifying Jefferson County that A&W had failed in the performance of A&W's work.

30. As a direct and proximate result of PSI's breach of its contract with Jefferson County to which A&W was a third party beneficiary, A&W was terminated from said job and has incurred economic damages to its business as well as damage to its business reputation.

WHEREFORE, the plaintiff request that the Court enter judgment in their favor on this count, award them damages with interest, attorney's fees, costs and any additional relief the Court deems just and proper.

## COUNT V
### (Interference with Advantageous Business Relations)

31. The plaintiffs reallege and reaver the preceding allegations

32. The plaintiff A&W had a subcontract with Jefferson County to repair certain County manholes. The defendant had a contract with Jefferson County to independently test A&W's and other contractors' work at the job site.

33. Through the gross negligence or intentional acts of PSI, A&W was terminated from the Jefferson County project. Said gross negligence and/or intentional acts of PSI, directly interfered with A&W's contract with Jefferson County.

6

34. As a direct and proximate result of PSI's interference with A&W's contract with Jefferson County, A&W was terminated from said job and has incurred economic damages to their business as well as damage to their business reputation.

WHEREFORE, the plaintiff request that the Court enter judgment in their favor on this count, award them damages with interest, attorney's fees, costs and any additional relief the Court deems just and proper.

**THE PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL COUNT SO TRIABLE**

Respectfully submitted
On behalf of the Plaintiff,

Carlin J. Phillips, BBO# 561916
Andrew J. Garcia, BBO # 559084
PHILLIPS, & GARCIA, LLP
13 Ventura Drive
N. Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 (facsimile)
cphillips@phillipsgarcia.com

Dated: August 5, 2005

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Warren Environmental, Inc. and
A+W Maintenance, Inc.

**DEFENDANTS**
Professional Service Industries, Inc.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Plymouth
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  DuPage County, IL
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Carlin Phillips     508-998-0800
Phillips + Garcia, LLP
13 Ventura Dr., N. Dartmouth, MA 02747

ATTORNEYS (IF KNOWN)
05 11642 DPW

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business In This State | ☒4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☒5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

[Checkbox list of nature of suit categories - "190 Other Contract" marked with X under CONTRACT]

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
Diversity action pursuant to 28 USC § 1332 seeking damages to the plaintiffs' businesses as a result of faulty testing by defendant testing facility

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ Undetermined
CHECK YES only if demanded in complaint. JURY DEMAND: ☒ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE  8/5/05
SIGNATURE OF ATTORNEY OF RECORD  [signature]

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) _Warren Environmental, Inc., et al_
   _v. Professional Service Industries, Inc._

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ___ II.  195, 368, 400, 440, 441-444, 540, 550, 625, 710, 720, 730,
            740, 790, 791, 820, 830, 840, 850, 890, 892-894, 895, 950.

   _X_ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   ___ V.   150, 152, 153.

   05 11642 DPW

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).
   _None_

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   _No_

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? _No_
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY? (SEE 28 USC 2403) _____

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284? _No_

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)). YES ___ _No_ ___ OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)). YES _No_

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT? YES _No_ (a) IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE? _____

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? _Eastern_

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE CENTRAL SECTION _____ OR WESTERN SECTION _____

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME _Carlin J. Phillips_
ADDRESS _Phillips + Garcia, LLP, 13 Ventura Drive, N. Dartmouth, MA 02747_
TELEPHONE NO. _508-998-0800_

(Category.frm - 09/92)