UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Warren Environmental Inc.; and <br> A&W Maintenance, Inc <br>       Plaintiffs <br><br> V <br><br> Professional Service Industries, Inc. <br>       Defendants | C.A. #05-11642-DPW |

**PROFESSIONAL SERVICE INDUSTRIES, INC., ANSWER TO
THE PLAINTIFFS' COMPLAINT AND JURY DEMAND**

The defendant, Professional Services Industries ("PSI"), hereby answers the Complaint.

**INTRODUCTION**

The allegations of the introductory paragraph to the Complaint constitute allegations of law to which no response is required. To the extent a response is required, Professional Services Industries denies the plaintiffs' allegations.

**THE PARTIES**

1. PSI is without sufficient knowledge or information to form a belief as to the truth of the averments of Paragraph 1 of the Complaint.

2. PSI is without sufficient knowledge or information to form a belief as to the truth of the averments of Paragraph 2 of the Complaint.

3.  PSI admits that it has branch offices throughout the United States, along with a principal place of business in Oak Brook Terrace, Illinois. PSI further admits that it has a branch office in Massachusetts and in Alabama.

## JURISDICTION AND VENUE

4.  The first sentence of Paragraph 4 of the Complaint is an allegation of law to which no response is required. With respect to sentence 2 of Paragraph 4 of the Complaint, PSI is without sufficient knowledge or information to form a belief as to the amount in controversy in this case. The remaining allegations in Paragraph 4 of the Complaint are denied.

5.  Denied. The proper venue for this suit is the Northern District of Alabama, Southern Division, which sits in Birmingham.

## FACTS GIVING RISE TO THE COMPLAINT

6.  PSI is without sufficient knowledge or information to form a belief as to the truth of the averments of Paragraph 6 of the Complaint.

7.  PSI admits it had a contract with Jefferson county Alabama to perform certain independent testing work on the Jefferson County manhole rehabilitation project. PSI is without sufficient knowledge or information to form a belief as to the truth of the remaining averments of Paragraph 7 of the Complaint.

8.  PSI admits that it had a contract with Jefferson County to independently test samples. PSI is without sufficient knowledge or information to form a belief as to the truth of the remaining averments of Paragraph 8 of the Complaint.

9.  PSI is without sufficient knowledge or information to form a belief as to the truth of the averments of Paragraph 9 of the Complaint.

10. Denied.

11. PSI is without sufficient knowledge or information to form a belief as to the truth of the averments of Paragraph 11 of the Complaint.

12. Denied.

13. Denied.

## COUNT I

14. PSI repeats its responses to Paragraphs 1-13 of the Complaint as if set forth at length herein.

15. Denied.

16. Denied.

17. Denied.

Wherefore, PSI requests the Court enter judgment in its favor along with an award of costs.

## COUNT II

18.     PSI repeats its responses to Paragraphs 1-17 of the Complaint as if set forth at length herein.

19.     Denied.

20.     PSI admits that it had a contract with Jefferson County to independently test samples. PSI is without sufficient knowledge or information to form a belief as to the truth of the remaining averments of Paragraph 20 of the Complaint.

21.     Denied.

22.     Denied.

23.     Denied.

Wherefore, PSI requests the Court enter judgment in its favor along with an award of costs.

## COUNT III

24.     PSI repeats its responses to Paragraphs 1-23 of the Complaint as if set forth at length herein.

25.     Denied.

26.     Denied.

Wherefore, PSI requests the Court enter judgment in its favor along with an award of costs.

## COUNT IV

27. PSI repeats its responses to Paragraphs 1-26 of the Complaint as if set forth at length herein.

28. PSI admits that it had a contract with Jefferson County Alabama to perform certain independent testing work on the Jefferson County manhole rehabilitation project. PSI denies the balance of Paragraph 28 of the Complaint.

29. Denied.

30. Denied.

Wherefore, PSI requests the Court enter judgment in its favor along with an award of costs.

## COUNT V

31. PSI repeats its responses to Paragraphs 1-30 of the Complaint as if set forth at length herein.

32. With respect to the first sentence of Paragraph 32, PSI is without sufficient knowledge or information to form a belief as to the truth of the averments of the first sentence of Paragraph 32 of the Complaint. PSI admits that it had a contract with Jefferson County to independently test samples. The remaining allegations of Paragraph 32 of the Complaint are denied.

33. Denied.

34. Denied.

Wherefore, PSI requests the Court enter judgment in its favor along with an award of costs.

## JURY DEMAND

PSI demands a jury trial on all issues raised herein.

## FIRST SEPARATE DEFENSE

Plaintiffs' claims are barred by the applicable statute of limitations.

## SECOND SEPARATE DEFENSE

The plaintiffs' claims fail to state a claim upon which relief may be granted.

## THIRD SEPARATE DEFENSE

The plaintiffs' negligence claims are barred or must be reduced accordingly by the plaintiffs' contributory negligence.

## FOURTH SEPARATE DEFENSE

The plaintiffs' claims are barred by the superseding, independent, and/or intervening acts of third parties.

## FIFTH SEPARATE DEFENSE

The plaintiffs' claims are barred as PSI's work was performed pursuant to a government contract. PSI conformed with the requirements of the government contract.

## SIXTH SEPARATE DEFENSE

The plaintiff's damages, if any, were caused by third parties over whom PSI exercised neither control nor responsibility.

## SEVENTH SEPARATE DEFENSE

Plaintiffs' libel claims are barred by the truth of any statements made by PSI.

## EIGHTH SEPARATE DEFENSE

The damages allegedly sustained by plaintiffs were not proximately caused by any negligence or culpable conduct on the part of PSI.

## NINTH SEPARATE DEFENSE

Plaintiffs' claims are barred in whole or in part because they failed to mitigate their damages.

## TENTH SEPARATE DEFENSE

The plaintiffs' purported claim under G.L. c. 93A fails because Alabama law, not Massachusetts law, governs the parties' rights and obligations.

## ELEVENTH SEPARATE DEFENSE

The venue is improper in Massachusetts.

## TWELFTH SEPARATE DEFENSE

The plaintiffs' claims against PSI are barred by the equitable doctrine of unclean hands.

## THIRTEENTH AFFIRMATIVE DEFENSE

The plaintiffs' claim to recover punitive damages, attorney's fees, and litigation expenses pursuant to G.L. c. 93A is barred by the Due Process Clause of the United States Constitution and by Part 1, Art. 10 of the Massachusetts Constitution.

## FOURTEENTH SEPARATE DEFENSE

Massachusetts lacks personal jurisdiction over PSI for this action.

## FIFTEENTH SEPARATE DEFENSE

The plaintiffs' claims against PSI to recover multiple damages pursuant to G.L. c. 93A are barred by the Due Process, Equal Protection and Excessive Fines Clauses of the United States Constitution and by Art. 1, 10 and 26 of Part 1 of the Massachusetts Constitution insofar as they seek recovery for alleged conduct that was not willful, wanton or reckless.

## SIXTEENTH SEPARATE DEFENSE

The plaintiffs' claim pursuant to G.L. c. 93A is barred by the Part 1, Arts. 1, 10, and 26 insofar as they seek punitive damages based on alleged conduct that was not willful, wanton, or reckless.

## SEVENTEENTH SEPARATE DEFENSE

The plaintiffs' claims for punitive damages are barred by the Due Process Clause and Equal Protection Clause of the United States Constitution because

Massachusetts law and Alabama law provide no adequately defined standards for an award of punitive damages.

### EIGHTEENTH SEPARATE DEFENSE

The plaintiffs' claims for punitive damages are barred by Part 1, Arts. 1 and 10, of the Massachusetts Constitution because Massachusetts law provides no adequately defined standards for an award of punitive damages.

### NINETEENTH SEPARATE DEFENSE

The damages allegedly sustained by plaintiffs were not caused by PSI's intentional interference with the plaintiffs' contract or business relation.

### TWENTIETH SEPARATE DEFENSE

The plaintiffs claims must be dismissed for failure to join Jefferson County Alabama as an indispensable party pursuant to Rule 19.

### TWENTY-FIRST SEPARATE DEFENSE

An award of punitive damages under Alabama law would violate the Fourth, Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution and Article I, Sections 1, 2, 6, 11, 13, 15, 22, 27, and 35 of the Alabama Constitution, separately and severally on the following grounds as well as others:

    (a)    An award of punitive damages would violate the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution by imposing punitive damages, which are penal in

9

        nature, against a civil defendant based upon a burden of proof which is less than beyond a reasonable doubt as required in criminal cases.

(b)     There is no reasonable limit on the amount of an award of punitive damages.

(c)     There are no specific standards for the amount on an award of punitive damages.

(d)     An award of punitive damages would result in the imposition of a fine in excess of the maximum criminal fine for the same or similar conduct.

(e)     An award of punitive damages would impose excessive fines in violation of the Eighth Amendment of the United States Constitution.

(f)     Alabama law allows arbitrary and capricious imposition of punitive damages by a jury.

(g)     An award of punitive damages would be unconstitutionally vague.

### TWENTY-SECOND SEPARATE DEFENSE

An award of punitive damages would constitute a deprivation of property without due process of law.

### TWENTY-THIRD SEPARATE DEFENSE

The procedures by which punitive damages are awarded under Alabama law permit the imposition of an excessive fine in violation of the Alabama and United States Constitutions.

## TWENTY-FOURTH SEPARATE DEFENSE

An award of punitive damages would violate rights afforded by Article I, Section 6 of the Alabama Constitution since it would be a deprivation of property without due process of law.

## TWENTY-FIFTH SEPARATE DEFENSE

An award of punitive damages in a civil action based upon the burden of proof in civil cases would deprive constitutional rights afforded by the Fifth and Fourteenth Amendments of the United States Constitution and Article 1, Sections 1, 6 and 22 of the Alabama Constitution by depriving property without due process of law since punitive damages amount to a fine or the equivalent of criminal punishment and should be subject to the same burden of proof that applies in criminal prosecution.

## TWENTY-SIXTH SEPARATE DEFENSE

An award of punitive damages in a civil action operates as a deprivation of property without due process of law in violation of rights afforded by the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Sections 1, 6 and 22 of the Alabama Constitution since an award of punitive damages amounts to punishment and a fine which should only be administered within the criminal justice system.

### TWENTY-SEVENTH SEPARATE DEFENSE

Alabama law gives standardless discretion to a jury and to determine the severity of punishment in the course of awarding punitive damages and violates constitutional rights afforded under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Sections 1, 6, and 22 of the Alabama Constitution by depriving property without due process of law.

### TWENTY-EIGHTH SEPARATE DEFENSE

An award of punitive damages would violate constitutional safeguards provided under the due process clause of the Fourteenth Amendment of the United States Constitution since the criteria for awarding punitive damages are vague and are not rationally related to legitimate government interests.

### TWENTY-NINTH SEPARATE DEFENSE

An award of punitive damages would violate Article 1, Section 6 of the Alabama Constitution which provides that no person shall be deprived of life, liberty, or property except by due process of law since punitive damages are vague and are not rationally related to legitimate government interests.

### THIRTIETH SEPARATE DEFENSE

An award of punitive damages under Alabama law would violate constitutional due process rights afforded by the Fifth and Fourteenth Amendments

to the United States Constitution and by the due process provisions of Article 1, Section 6, of the Alabama Constitution.

### THIRTY-FIRST SEPARATE DEFENSE

An award of punitive damages in this case based on any consideration other than each separate defendant's conduct with respect to the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment to the United States Constitution as incorporated into the Fourteenth Amendment and the applicable Alabama constitutional provisions providing for due process in Article 1, Section 6, and for double jeopardy in Article I, Section 9.

### THIRTY-SECOND SEPARATE DEFENSE

The lack of definite standards and meaningful criteria for the award of punitive damages under Alabama law is inconsistent with due process and violates rights afforded by the Fifth and Fourteenth Amendments to the United States Constitution by depriving property without due process of law and denying equal protection of the laws.

### THIRTY-THIRD SEPARATE DEFENSE

An award of punitive damages under Alabama law which is subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, regarding the amount of punitive damages that a jury may

13

impose would violate due process rights afforded by the Fifth and Fourteenth Amendments of the United States Constitution and by the due process provisions of Article I, Section 6, of the Alabama Constitution.

### THIRTY-FOURTH SEPARATE DEFENSE

An award of punitive damages would violate the Eighth Amendment of the United States Constitution since punitive damages would be an excessive fine in violation of the excessive fines Clause of the Eighth Amendment to the United States Constitution.

### THIRTY-FIFTH SEPARATE DEFENSE

An award of punitive damages exceeding the limits authorized by the Alabama Criminal Code would constitute an excessive fine and cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments to the United States Constitution and the Alabama constitutional provisions providing for due process.

### THIRTY-SIXTH SEPARATE DEFENSE

An award of punitive damages would violate safeguards provided under the Sixth Amendment to the United States Constitution since punitive damages are penal in nature and should be subject to the same procedural safeguards that apply to criminal prosecution.

### THIRTY-SEVENTH SEPARATE DEFENSE

An award of punitive damages would violate rights afforded by the United States Constitution and the Alabama Constitution by awarding damages which are penal in nature by only requiring a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

### THIRTY-EIGHTH SEPARATE DEFENSE

The law of Alabama, by allowing a jury to assess punitive damages without established guidelines and/or standards for the exercise for a jury's discretion allows a jury to exercise a policy-making function which is reserved exclusively for the legislative branch of our government and violates the constitutional principal of separation of powers with respect to the United States Constitution and the Alabama Constitution, Article III, Sections 42 and 43.

### THIRTY-NINTH SEPARATE DEFENSE

An award of punitive damages on any basis which is not proportionate to culpability or wrongdoing of a particular defendant amounts to a grossly disportionate award in violation of principals underlying an award of punitive damages, defeating the purpose of an award of punitive damages, and violates rights afforded by the Fifth and Fourteenth Amendments of the United States Constitution since such an award amounts to a deprivation of property without due process of law in violation of constitutional rights and is an excessive fine.

## FORTIETH SEPARATE DEFENSE

An award of punitive damages would violate the self-incrimination clause of the Fifth Amendment of the United States Constitution since those damages are penal in nature although defendants are required to testify and disclose documents and other evidence without the safeguard against self-incrimination set out in the Fifth Amendments to the United States Constitution.

## FORTY-FIRST SEPARATE DEFENSE

An award of punitive damages would violate the Fifth Amendment of the United States Constitution which prohibits deprivation of property except by due process of law since a claim for punitive damages is vague and not rationally related to any legitimate government interest.

## FORTY-SECOND SEPARATE DEFENSE

There is no basis for an award of punitive damages as required by §6-11-20 *Code of Alabama* (1975).

## FORTY-THIRD SEPARATE DEFENSE

Any award of punitive damages is limited by §6-11-21 *Code of Alabama* (1975).

## FORTY-FOURTH SEPARATE DEFENSE

The plaintiffs assumed the risk of any alleged injury and damages.

## CERTIFICATE OF SERVICE

I, Brian P. Voke, attorney for the defendant, Professional Services, Inc. hereby certify that I have served a copy on this 5th day of January 2006 of the above document upon the following party by first class mail and facsimile transmission.

    Carlton J. Phillips, Esquire
    Andrew J. Garcia, Esquire
    PHILLIPS & GARCIA
    13 Ventura Drive
    N. Dartmouth, MA 02747

                **PROFESSIONAL SERVICES INC.**
                By its attorneys

                /s/ Brian Voke
                Brian P. Voke, BBO#544327
                CAMPBELL CAMPBELL EDWARDS
                & CONROY
                One Constitution Plaza
                Boston, Massachusetts 02129